IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ALFREDA CHRISTINE MCLEAN,

    Petitioner,            )
                        )
                        )
        v.              )
                        ) 1:08cr175 (JCC)
                        ) 1:12cv1145
UNITED STATES OF AMERICA,    )
                        )
                        )
    Respondent.         )

**M E M O R A N D U M   O P I N I O N**

      This matter is before the Court on Petitioner Alfreda McLean's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion"). [Dkt. 67.] For the following reasons, the Court will deny Petitioner's Motion.

**I.  Background**

      On May 6, 2008, Petitioner was charged by a federal grand jury in the Eastern District of Virginia, Alexandria division, in a one-count indictment with conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner pleaded guilty, pursuant to a plea agreement, on June 12, 2008. On September 12, 2008, this Court sentenced Petitioner to a sentence of 135

1

months' imprisonment and 5 years' supervised release.
Petitioner did not appeal her conviction.

Following her plea but prior to being sentenced,
Petitioner met with agents from the Drug Enforcement Agency
several times to provide assistance with an ongoing
investigation.  Due to credibility concerns about Petitioner's
cooperation at this time, Government attorneys expressed their
doubts about the likelihood of a Rule 35(b) motion.  (Gov't Opp.
[Dkt. 72] at 2; Ltr. from Dennis Fitzpatrick, Ex. B to Gov't
Opp. [Dkt. 72-2].)  After being sentenced, Petitioner in 2010
provided additional information and cooperation to the
Government.  (Gov't Opp. at 2.)  In August 2011, Petitioner's
attorney, Chistopher Leibig, sent a letter to the Government
requesting it reconsider Petitioner's cooperation and file a
Rule 35(b) motion on her behalf.  (Ltr. from Christopher Leibig,
Ex. A to Gov't Opp. [Dkt. 72-1].)  On February 1, 2012, the
Government replied and declined Leibig's request, explaining
that a substantial-assistance committee had reviewed Leibig's
letter and Petitioner's post-sentencing cooperation but had
decided against a Rule 35(b) motion due to concerns about
Petitioner's credibility and her 2008 cooperation.  (Ltr. from
Dennis Fitzpatrick, Ex. B.)

On October 11, 2012, Petitioner filed a Motion to
Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §

2255. [Dkt. 67.] After receiving an extension from this Court, the Government filed its opposition on December 20, 2012. [Dkt. 72.] Petitioner replied on January 9, 2013. [Dkt. 73.]

Petitioner's Motion is now before the Court.

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III. Analysis

Petitioner argues that her sentence is otherwise subject to collateral attack for two reasons: (1) she challenges the Government's decision not to file a Rule 35(b) motion on her behalf; and (2) she alleges that she received ineffective assistance of counsel relating to her cooperation and Rule 35 proceedings. The Court rejects both of Petitioner's arguments.

First, Petitioner fails to state a claim regarding the Government's refusal to file a Rule 35(b) motion sufficient to

3

trigger this Court's review of that decision. A district court
has no authority to review the government's refusal to file a
Rule 35(b) motion unless that decision was based an
unconstitutional motive, such as the defendant's race or
religion. *See Wade v. United States*, 504 U.S. 181, 185-86
(1992); *United states v. Butler*, 272 F.3d 683, 686 (4th Cir.
2001); *United States v. Anderson*, 2012 WL 6021322, at *7 (E.D.
Va. Dec. 3, 2012). To trigger such review, a defendant must
make a "substantial threshold showing" of improper motives by
the Government. *United States v. Saquella*, 2012 WL 405060, at
*3 (E.D. Va. Feb. 7, 2012) (internal citations omitted).
Accordingly, "a claim that a defendant merely provided
substantial assistance will not entitle a defendant to a remedy
or even to discovery or an evidentiary hearing." *Wade*, 504 U.S.
at 186-87. As Petitioner has "never alleged, much less claimed
to have evidence tending to show, that the Government refused to
file a motion for suspect reasons such as [her] race or [her]
religion," *id.* at 186, but rather simply has argued that her
assistance should entitle her to a Rule 35(b) motion,
Petitioner's claim facially lacks merit.

Second, Petitioner fails to state a claim for
ineffective assistance of counsel. The Fourth Circuit has made
clear that there is no right to counsel in Rule 35 proceedings.
*See United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2008)

4

(finding that neither the Sixth Amendment, Equal Protection clause, nor the Due Process clause provided a right to counsel with respect to the Rule 35(b) motion process).  As Petitioner had "no constitutional right to counsel, [she] could not be deprived of the effective assistance of counsel." *Wainwright v. Torna*, 455 U.S. 586, 587–588 (1982).  Petitioner's ineffective assistance of counsel claim, therefore, fails.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.


|                        | /s/                                      |
| ---------------------- | ---------------------------------------- |
| April 9, 2013          | James C. Cacheris                        |
| Alexandria, Virginia   | UNITED STATES DISTRICT COURT JUDGE       |